Filed 10/28/14  P. v. James CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL D. JAMES,<br><br>        Defendant and Appellant. | A141755<br><br>(Solano County<br>Super. Ct. No. VCR216366) |

Defendant Michael D. James appeals from a judgment entered on his plea.  His counsel asked this court for an independent review of the record to determine whether there are any arguable issues.  (*People v. Wende* (1979) 25 Cal.3d 436.)  James was informed of his right to file a supplemental brief and did not do so.  We conclude there are no arguable issues and affirm.

James was charged with 11 felony counts of second degree robbery based on a series of crimes he and others committed in Vallejo during the fall of 2012.[1]  Three of the counts were accompanied by enhancement allegations that he personally used a rifle, and three were accompanied by enhancement allegations that he was armed with a rifle.[2]  Under a plea agreement, he pleaded no contest to one of the robbery counts and to the

---

[1] Each count was brought under Penal Code section 211.  All further statutory references are to the Penal Code.

[2] The enhancements were alleged under sections 12022.5, subdivision (a)(1) and 12022.53, subdivision (b) (personal use) and section 12022, subdivision (a)(1) (being armed).

1

allegation that he personally used a rifle during that offense,[3] and the remaining counts and enhancement allegations were dismissed with a waiver under *People v. Harvey* (1979) 25 Cal.3d 754. The trial court sentenced him to 15 years in state prison, comprised of the upper term of five years for the robbery and a term of ten years for the personal-use enhancement, and ordered him to pay various fines and fees.

No error appears in the entry of the plea or in the sentencing proceedings. James was advised of his constitutional rights and the consequences of his plea before entering it, and he acquiesced to receiving a sentence of 15 years instead of the 12 years he was originally promised under the plea agreement. The trial court found that his waiver of rights was knowing and intelligent, that the plea was free and voluntary, and that there was a factual basis for the plea. He was represented by counsel throughout the proceedings.

There are no meritorious issues to be argued on appeal. The judgment is affirmed.


_____
Humes, P.J.


We concur:


_____
Dondero, J.


_____
Banke, J.


_____
[3] The plea to the enhancement allegation was only under section 12022.53, subdivision (b).

2